**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

OPULENT TREASURES, INC.,

    Plaintiff,

v.                                                  Case No. 3:22-cv-921-TJC-JBT

YA YA LOGISTICS, INC., HK
JAYDEN TRADING, LTD., WIN
BEST IMPORT AND EXPORT, CO.,
LTD., and SUO VIVI, an individual,

    Defendants.

## O R D E R

This case is before the Court for a decision about where it should be litigated. Plaintiff Opulent Treasures, Inc. brings various infringement claims against Defendants for their alleged actions related to Opulent's cake stands and other décor items. (See Doc. 14). But before cutting into the merits of these claims, Defendant Ya Ya Logistics, Inc. moves to transfer the action to the Central District of California, where other litigation involving several of Opulent's same designs is ongoing. (Doc. 33 at 1). Alternatively, Ya Ya requests the Court stay this case until the California litigation resolves. Id. Opulent opposes. (Doc. 34). For the reasons stated below, the Court finds transfer appropriate.

## I. BACKGROUND

Opulent designs and sells "elegantly and uniquely crafted entertainment and home décor pieces," including cake stands, dessert stands, candelabras, and lamps. (Doc. 14 ¶ 15). Eight of Opulent's designs for its products are registered with the Copyright Office (collectively, "Opulent Copyrights"). Id. ¶¶ 17, 18. Opulent also claims trade dress rights under the Lanham Act and state law to the "overall look, design, arrangement, and appearance of its cake stands and other décor items." Id. ¶ 27. Additionally, Opulent owns trademarks for other products, including its dessert table, tiered dessert stand, and candelabra (collectively, "Opulent's 3D Trade Dresses"), and a registered literary mark for OPULENT TRASURES®. Id. ¶¶ 29–31.

For this suit, Opulent alleges Defendants "facilitated, encouraged, and supported" non-party, Ya Ya Creations (not to be confused with Ya Ya Logistics, which is a defendant in this suit), in selling, distributing, and advertising counterfeits, knockoffs, or fake copies of seven of Opulent's products: CHDLR_045; CHDLR_046; CHDLR_CAKE02; CHDLR_CAKE01; CHDLR_CAKE03; CHDLR_CAKE05_8; and CHDLR_CAKE04 ("the Accused Products"). Id. ¶¶ 46–51. Ya Ya Creations allegedly "imports and re-sells the Accused Products throughout the United States" and each Defendant played a role in Ya Ya Creation's infringing actions. Id. ¶ 49, 51–54.

Ya Ya Creations allegedly utilized Defendant Ya Ya to re-sell and distribute the Accused Products Id. ¶¶ 13, 52. Defendants HK Jayden and Win Best allegedly sourced the "counterfeit and knock offs [sic] designs from China" and supplied Ya Ya Creations and Defendant Ya Ya with the Accused Products. Id. ¶ 53. Opulent contends HK Jayden and Win Best also designed several of the Accused Products that incorporate its copyrighted or trade dress elements. Id. Finally, Defendant Suo Vivi, Opulent alleges, was personally involved in the sourcing of the infringing products by HK Jayden that were sold through non-party Ya Ya Creations and Defendant Ya Ya. Id. ¶¶ 13, 54.

Yet, before this suit was filed, Opulent initiated a different action against Ya Ya Creations in the Central District of California for infringement of some of its same designs (the "California action"). (Compare Doc. 14 ¶¶ 46, 47 with Doc. 33-1 ¶¶ 49, 50)[1]; see Opulent Treasures v. Ya Ya Creations, et al., Case No. 2:22-cv-02616-SSS-JC (C.D. Cal.). Opulent filed that action in the Eastern District of Texas on August 17, 2021, which was later transferred to the Central District of California in mid-April 2022, four months or so before Opulent initiated this lawsuit here. (Docs. 1, 41 in Opulent Treasures, Case No. 2:22-cv-02616).[2] Defendant Ya Ya claims that after the California action began, the

---

[1] These paragraphs refer to the operative Second Amended Complaint included in Doc. 33-1.

[2] Pursuant to Rule 201, Federal Rules of Evidence, the Court takes judicial notice of the docket and documents filed in Case No. 2:22-cv-02616-SSS-

3

parties mediated, and when no settlement materialized, Opulent indicated it would sue other parties, including Defendant Ya Ya, if the case went unresolved. (Doc. 33 at 2).

This action by Opulent followed on August 24, 2022. (See Doc. 1). Shortly after, Opulent amended its complaint. (Doc. 14). Ya Ya answered, counterclaimed, and moved for transfer. (Docs. 32; 33). Amidst these filings, Opulent moved for dismissal of Ya Ya's Counterclaims, which remains pending. (Doc. 35). Opulent also moved for default judgment against HK Jayden (Docs. 31, 42), which the Court granted (Docs. 44, 46). Defendants Win Best and Vivi have yet to be served with process and have not appeared in the case.

Days after Opulent filed suit here, on August 29, 2022, non-party Ya Ya Creations filed a different action against Opulent in the Central District of California "[t]hat sought to invalidate the copyrights asserted" here. (Doc. 34 at 6); see Ya Ya Creations Inc. v. Opulent Treasures, Inc., et al., Case No. 2:22-cv-6137-SSS-JC (C.D. Cal.). Now, the issue is where this case belongs.

---

JC pending in the United States District Court for the Central District of California.

## II. MOTION TO TRANSFER

Defendant Ya Ya seeks transfer under two bases: the first-to-file rule and 28 U.S.C. § 1404(a). (Doc. 33 at 1). Opulent counters that neither basis suffices. (See Doc. 34). As the first-to-file rule justifies transfer, the Court need not address 28 U.S.C. § 1404(a).

The "first-to-file" rule creates "a strong presumption" that an action in one federal court that involves "overlapping issues and parties" should be adjudicated by the court where the matter was first filed. See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005); Comp360 LLC v. KT Enters., LLC, No. 8:22-cv-0447-KKM-AAS, 2022 WL 2441937, at *1 (M.D. Fla. June 23, 2022). "Such a complaint must be 'dismissed or transferred to the district where the first-filed case is pending.'" Comp360, 2022 WL 2441937, at *1 (quoting Elliott v. Williams, 549 F. Supp. 3d 1333, 1338 (S.D. Fla. 2021)). The first-to-file rule does not require identical lawsuits—only "sufficiently similar[]" or "substantially overlap[ping]" parties and issues. Vital Pharms., Inc. v. PhD Mktg., Inc., No.: 0:20-cv-60993-WPD, 2020 WL 6162794, at *2 (S.D. Fla. July 28, 2020); see also Strother v. Hylas Yachts, Inc., No. 12-cv-80283, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) ("All that need be present is that the two actions involve closely related questions or common subject matter. The cases need not be identical to be duplicative." (quotation and alterations omitted)).

Opulent initiated the California action on August 17, 2021, and this action followed on August 24, 2022. Because the two actions have "sufficiently similar" parties and issues, the first-to-file rule applies.

In the California case,[3] Opulent is suing Ya Ya Creations and other sellers and distributors for alleged infringement of Opulent's product designs. (See Doc. 33-1). Opulent's claims arise out of the sale, distribution, and advertisement of products that are "are confusingly similar to, and dilute, Opulent's Designs" including: "CHDLR_045_GOLD; CHDLR_046_GOLD; CHDLR_CAKE02_GOLD; CHDLR_CAKE01_GOLD; CHDLR_CAKE03_GOLD; CHDLR_CAKE04_GOLD; and CHDLR_CAKE05_8_GOLD." (Doc. 33-1 ¶ 49).[4] In this case, Opulent brings similar and some identical claims against Defendant Ya Ya Logistics and other sellers and distributors for infringing many of the same designs, including: CHDLR_045; CHDLR_046; CHDLR_CAKE02; CHDLR_CAKE01; CHDLR_CAKE03; CHDLR_CAKE04; and CHDLR_CAKE05_8. (Doc. 14 ¶¶ 46–47). Though the names of Opulent's designs are slightly different in the complaints, the visual depictions of the "Accused

---

[3] Opulent focuses much of its response on the most recent case filed in California by Ya Ya Creations. (Doc. 34). Although that case may be related to this one, the issue in this motion is whether this lawsuit relates to the first-filed California action for the purposes of transfer.

[4] This paragraph refers to the operative Second Amended Complaint included in Doc. 33-1.

Products" in each complaint refer to alleged infringement on many of the same product designs by Opulent. (Compare Doc. 14 ¶ 47 (Illustration 1) and Doc. 33-1 ¶ 50 (Illustration 1)).

In the California action and this action, Opulent also brings many of the same claims, including: trademark infringement under the Lanham Act, trade dress infringement under the Lanham Act and common law, and unfair competition under the Lanham Act and common law. (Compare Doc. 14 at 27–45 and Doc. 33-1 at 27–38). Although Opulent brings a few additional infringement claims in each suit that are not identical, such as trade dress dilution and copyright infringement, the asserted claims all relate to the same or similar Accused Products at issue in both suits that Ya Ya Creations allegedly infringed upon. Id. The asserted claims and parties need not be the same for transfer to be appropriate. See e.g., Salt Life, LLC v. Shaka Life, Inc., No. 3:18-cv-1151-J-39JRK, 2018 WL 8332698, at *3 (M.D. Fla. Nov. 30, 2018) (transferring case involving the same parties and "ultimate issue of alleged trademark infringement and related claims"); AAMP of Fla., Inc. v. Audiosonics Sys., Inc., No. 8:12–cv–2922–T–33TGW, 2013 WL 1104889 at *2–3 (transferring patent infringement case where the first-filed action was a declaratory judgment action in California and the second-filed action was in Florida due to a likelihood of substantial overlap between the two cases); 3Lions Publ'g, Inc. v. Am. Med. Ass'n, No. 8:14-CV-51697-T-35TGW, 2014 WL

7

12684479, at *2–3 (M.D. Fla. Sept. 25, 2014) (transferring second-filed copyright infringement case where the first-filed case included a declaratory judgment claim because the parties and issues overlapped); Steelers Keys, LLC v. High Tech Nat'l, LLC, No. 19-cv-23630-civ-Scola, 2019 WL 6609214, at *2 (S.D. Fla. Dec. 4, 2019) (reasoning the inclusion of an additional plaintiff does not defeat the "strong presumption in favor of the first-filed case").

The allegations made in Opulent's Amended Complaint in this action are sufficiently similar or otherwise related to its allegations in the California action. Both involve many of the same designs allegedly infringing on Opulent's trademarks and arise from the same events involving Ya Ya Creations. Indeed, Opulent initially sought to add Defendant Ya Ya and its copyright infringement claims to the California litigation before filing the instant suit, but at that time, Defendant Ya Ya did not waive personal jurisdiction in California. (Doc. 34 at 5). Now, Defendant Ya Ya seeks transfer and thus consents to personal jurisdiction. See Waite v. All Acquisition Corp., 901 F.3d 1307, 1312 (11th Cir. 2018) ("Even where neither the forum state's long-arm statute nor the due process minimum contacts analysis is satisfied, a court may exercise personal jurisdiction over a party if the party consents."). As to the other Defendants, the Clerk has entered default against HK Jayden (Doc. 46) and Win Best and Vivi are both located in China (Doc. 14 ¶¶ 5, 6) and have not been served nor appeared.

Ultimately, the "first-to-file" rule is rooted in comity and aims to prevent duplication, wasting judicial resources, and conflicting rulings. See Vital Pharms., 2020 WL 6162794, at *1 ("'The federal courts have long recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs.'") (quoting Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997)); Supreme Int'l Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604, 606 (S.D. Fla. 1997) (stating that courts should transfer to the first-filed district "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise") (quoting Serco Servs. Co., L.P. v. Kelley Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995)).

To avoid a waste of party and judicial resources and conflicting rulings, transfer to the Central District of California is warranted because the parties and issues substantially overlap and the first-filed action is pending there.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Ya Ya Logistics, Inc.'s Motion to Transfer, or Alternatively Stay, this Litigation (Doc. 33) is **GRANTED** as to transfer.

2. The Clerk shall forthwith transfer this case to the United States District Court, Central District of California, for all further proceedings. Following transfer, the Clerk is directed to close this file.

9

**DONE AND ORDERED** in Jacksonville, Florida the 26th day of May, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of record
Clerk, Central District of California, Western Division – Los Angeles